## Loeser's Estate.

*Wills—Construction—Gifts to class distinguished from gifts to individual members.*

The gift of testator's business to A and B, his wife, and C, "to be theirs and each of theirs absolutely share and share alike," is a gift to the individuals named and not to the three people as a class; on the death of A in testator's lifetime, his share lapsed and did not pass to B as tenant by entireties or to B and C as surviving members of a class.

Exceptions to adjudication.  O. C. Phila. Co., July T., 1921, No. 359.

The facts appear from the adjudication of the auditing judge, Henderson, J., which was in part as follows:

"By the second paragraph of his will the testator directed as follows:

"'Second. I give and bequeath to Lemuel Hudson and Margaret Hudson, his wife, and Samuel Russell my Dancing Academy and the business thereof conducted over Nixon's Theatre, 34 S. 52nd Street, together with the name 'Loeser's' as a trade name, together with the fixtures and apparatus thereunto belonging as used by me therein and the lease I hold on the property where said business is conducted, for the term of five years, with the option of five additional years, to be theirs and each of theirs absolutely, share and share alike.'

"Lemuel Hudson, one of the beneficiaries, died in the lifetime of the testator. Margaret Hudson and Samuel Russell survive.

"It is contended on behalf of the residuary legatees that one-third of the legacy lapsed with the death of Lemuel Hudson and fell into residue.

"Margaret Hudson, wife of Lemuel Hudson, contends that his share passes to her for the benefit of herself and children.

"It is contended by Samuel Russell that the legacy is of a character which the testator regarded as an entirety, to be conducted as a going concern by the three legatees named in the will or by the survivors or survivor of them, and that, hence, Margaret Hudson and he took this legacy, share and share alike, as survivors of the class.

"It should be stated that the testator, together with the three persons named in the second paragraph of the will, conducted this dancing academy until the death of Lemuel Hudson, when the two remaining and the testator continued to be associated in running the academy until the testator's death.

"It is argued that the subject-matter of the legacy was not capable of division, and, if sold to strangers, the good-will would be obviously lost. It was, therefore, suggested that the testator intended that the beneficiaries should take as a class with rights of survivorship.

"While it is conceivable, as was stated by Mr. Justice Stewart in Sharpless's Estate, 214 Pa. 335-38, that a gift to a class could be created, notwithstanding the fact that the individuals were named as such, he, nevertheless, adds that, as the books contain no case of this character, 'it only goes to show how convincing to the common understanding the fact that the donees are severally and individually named is that the testator meant that they should take individually and not as a class.'

"It is argued that as a legacy of this character is not capable of division, that thereby the testator intended the legatees named should take as a class. I know of no case sustaining this doctrine, and none has been cited in the briefs of counsel.

"The testator survived Lemuel Hudson, and it was perfectly competent for him to have changed his will and favored Margaret Hudson and Samuel Russell, but the fact is he did not do so.

2 D. & C.

Loeser's Estate.

"It is argued on behalf of Margaret Hudson that the legacy to her and her husband, being to persons who were married, was, therefore, a gift by entireties which would survive to her.

"There is ample authority for such a contention in Gillan's Exec'rs v. Dixon, 65 Pa. 395; Parry's Estate, 188 Pa. 38; Klenke's Estate, 210 Pa. 572, and Mitchell's Estate, 15 Phila. 597. The last few words of the second paragraph of the will, however, negative any such intent, because therein the testator directed that the gift was to be 'theirs and each of theirs absolutely, share and share alike.' The gift to Lemuel, Margaret and Samuel was to be share and share alike equally.

"I have reached the conclusion that the share of the legacy bequeathed to Lemuel Hudson lapsed and falls into residue, and will be held for the residuary legatees."

*De Forrest Ballou*, for Margaret Hudson, exceptant.

*Bevan A. Pennypacker* and *William Clarke Mason*, for Samuel Russell, exceptant.

*Connelly & Boylan*, for Christine E. Lucas and Frederick Miller, contra exceptions.

THOMPSON, J., Oct. 23, 1922.—The bequest of a going business to Lemuel Hudson and Margaret, his wife, and Samuel Russell, employees of the testator in said business, is not a gift to a class, nor do Lemuel Hudson and Margaret, his wife, take the same by entireties, for the reason that so to hold would be to ignore the latter part of the paragraph containing the said gift, which provides that the business is "to be theirs and each of theirs absolutely, share and share alike," as clearly set forth in the adjudication of the auditing judge. Consequently, the death of Lemuel Hudson in the lifetime of the testator caused his interest in said legacy to lapse and fall into the residuary estate.

The exceptions filed on behalf of Samuel Russell and Margaret Hudson must, therefore, be dismissed, and it is so ordered, and the adjudication is confirmed absolutely.